UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



DARLA JONES,

    Plaintiff,

vs.

CASE NO: 3:16CV332HTW-LRA

UNIVERSITY OF MISSISSIPPI
MEDICAL CENTER

    Defendant.

_____/

## COMPLAINT

Plaintiff, Darla Jones ("Plaintiff"), through undersigned counsel, hereby files this Complaint and sues the University of Mississippi Medical Center, Defendant, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C §12101 *et seq.*, ("Americans with Disabilities Act" or "ADA") and 29 U.S.C. §701. *et seq.* ("Rehabilitation Act") and alleges:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (hereinafter referred to as the "ADA") as well as §504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§701. *et seq.* ("the Rehabilitation Act").  This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 1343.

2.    Venue is proper in this Court, the Jackson Division of the Southern District of Mississippi pursuant to 28 U.S.C. §1391(B) and Local Rules of the United States District Court for the Southern District of Mississippi.

3. Plaintiff, Darla Jones (hereinafter referred to as "Jones") is a resident of the State of Mississippi and is a qualified individual with a disability under the ADA. Jones suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from a spinal cord injury, is unable to walk, and requires a wheelchair for mobility and also has some limitations with her upper extremities. Prior to instituting the instant action, Jones personally availed herself of Defendant's programs and services and visited the Defendant's facility, the University of Mississippi Medical Center, personally and was denied full, safe and equal access to the subject programs, services, facilities and properties of Defendant due to their lack of accessibility and compliance with the ADA. Jones last visited said medical center on December 3, 2015. Jones continues to desire to avail herself of the programs and services of Defendant and continues to desire to visit the Defendant's medical center but continues to be denied full, safe and equal access due to the violations that continue to exist.

4. The Defendant, University of Mississippi Medical Center, (hereinafter "UMMC"), is a state agency qualified to do business in the State of Mississippi with a principal place of business at 2500 North State Street, Jackson, Mississippi 39216. Defendant may be served with process by serving Jim Hood, Attorney General, and 550 High Street, Suite 1200 Jackson, MS 39201. Upon information and belief, UMMC is the operator, owner and/or lessee of the programs and services offered by UMMC as well as the facilities, real properties and improvements which are the subject of this action: the University of Mississippi Medical Center, located at 2500 North State Street, Jackson, Mississippi 39216 (hereinafter referred to as the "Hospital").

2

5. The Plaintiff has suffered direct and indirect injury as a result of the Defendant's actions or inactions described herein. The Plaintiff personally visited the Hospital prior to the filing of this lawsuit on December 3, 2015, and was unable to fully and safely do so due to the Defendant's lack of compliance with the ADA and the Rehabilitation Act. Plaintiff continues to be discriminated against due to the Defendant's continued lack of compliance and the Plaintiff's specific continued desire to visit and avail herself of the programs, services and facilities of the Hospital.

6. All events giving rise to this lawsuit occurred in the Southern District of Mississippi.

## COUNT I-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 6 of this Complaint.

7. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

8. In Title II of the ADA, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

9. "Public entity" is defined as "any state or local government" or "any department, agency.....of a state.....or local government." 42 U.S.C. § 12131(1)(A) and (B).

10. Title II of the ADA also requires that a public entity shall take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others 28 C.F.R. §35.160(a).

3

11. Discrimination occurs when a person with a disability is "excluded" from participation in or [is] denied the benefits of the services, programs or activities of a public entity..." 42 U.S.C. § 12132.

12. The U.S. Department of Justice ("DOJ") has promulgated federal regulations to implement the ADA. In addition, the ADA Accessibility Guidelines ("ADAAG") establishes the standards to which public entities must conform in order to comply with the ADA. The ADAAG (ADA Standards for Accessible Design, 36 CFR Part 1191, Appendices B and D)[1] applies to the Defendant's facilities at issue in this matter, regardless of whether they are of new or old construction, since removal of these barriers described herein are readily achievable and not unduly burdensome within the meaning of the ADA. 42 U.S.C. §§ 12134(c) and 12204Defendant was required to have completed structural changes in its facilities over twenty years ago, and, in any event, no later than January 26, 1995. Defendant has failed to complete the required structural changes to achieve equal program, service or activity access to the Hospital.

13. Defendant has known for almost twenty-five years of its duties and obligations under Title II of the ADA to complete the necessary and required structural changes. Defendant has arbitrarily and intentionally refused to complete the necessary and required structural changes to the subject facilities by the January 26, 1995 date as mandated by federal law.

---

[1] Plaintiff recognizes that compliance with the earlier version of ADAAG codified at 28 CFR Part 36, Appendix A can provide safe harbor to the Defendant with regard to the new ADAAG in effect as of March 15, 2012. However, with respect to the specific barriers to access alleged in Paragraph 22, herein below, Plaintiff asserts the Defendant has not complied with either the old 1991 ADAAG or the new version cited herein and the failure to do so has rendered many programs, services and activities offered by Defendant at the Hospital inaccessible to wheelchair users such as Plaintiff.

14. Defendant's failure to have fully implemented all structural modifications at the Hospital has denied and continues to deny Plaintiff full, safe and equal access to Defendant's programs, services and activities that are otherwise available to persons without disabilities at the subject facilities..

15. Defendant has engaged in conduct and acts of omission that subject Plaintiff to discrimination solely on the basis of his disability. Defendant directly participated in or acquiesced in the conduct or acts of omission described in this Complaint. Defendant's discrimination against Plaintiff solely on the basis of his disability has been, and continues to be, arbitrary, knowing and intentional.

16. Under Title II of the ADA, the programs and activities of public entities must be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue financial and administrative burden" to the entity. 28 C.F.R. §35.149-150. It is the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden. Further, any decision that compliance would result in alteration or burden must be made after "considering all resources available for use in the funding of operation of service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion" 28 C.F.R. §35.150(a)(3). Defendant cannot meet this burden.

17. Plaintiff was subjected to discrimination when she attempted to access the facilities and avail herself to the programs and services offered at and by Defendant. Plaintiff continues to desire to return and therefore continues to suffer discrimination by Defendant in the future as the violations and lack of equal and safe access to the programs, services and facilities at the subject facilities continue to exist.

18. Defendant has discriminated against Plaintiff by denying her full and equal enjoyment of benefits of a service, program or activity conducted by a public entity as prohibited by 42 U.S.C. §12101 *et seq.*, and by failing to remove architectural barriers pursuant to 28 CFR §§35.150 and 35.151.

19. Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the subject facilities in derogation of Title II of the ADA, 42 U.S.C. § 12101 *et seq.*

20. Defendant is in violation of 42 U.S.C. § 12101 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against the Plaintiff due to the following violations, *inter alia*:

### Parking Garage B

(i) There are an insufficient number of accessible parking spaces to meet the demand for accessible parking spaces and to provide program access for people with disabilities, particularly wheelchair users;

(ii) There are an insufficient number of van accessible parking spaces on each level to meet the demand for van accessible parking spaces and provide program access for people with disabilities who rely on lift or ramp equipped wheelchair vans, such as Plaintiff;

(iii) Accessible parking spaces are not located on each level and there is no signage designating the levels where the accessible parking is located;

(iv) The paint designating the accessible parking spaces has faded making it difficult to locate the accessible parking spaces that are provided;

(v) Many of the accessible parking spaces have signage that is too low and cannot be seen over parked vehicles which makes it more difficult to locate those accessible parking spaces that are provided;

### University Hospital/ Adult Hospital

(vi) Restrooms at the central elevators have knob type hardware that require tight grasping, pinching and twisting of the wrist to operate;

(vii)   There is no accessible signage for the restrooms by the central elevators, nor directional signage advising as to the location of the nearest accessible toilet rooms;

(viii)  There are an insufficient number of accessible patient rooms;

(ix)    Toilet rooms in the Children's Clinic corridor have doors that are too narrow for a wheelchair user;

(x)     The toilet room entry doors in the Children's Clinic have knob type hardware that require tight grasping, pinching and twisting of the wrist to operate;

(xi)    The toilet rooms in the Children's Clinic have no accessible features: no grab bars are provided at the water closets and the lavatories have knob-type faucet controls that require tight grasping and twisting of the wrist to operate;

(xii)   There is no directional signage at the toilet rooms in the Children's Clinic advising as to the location of the nearest accessible toilet rooms;

**Parking Garage A**

(xiii)  There are an insufficient number of accessible parking spaces to meet the demand for accessible parking spaces and provide program access for people with disabilities, particularly wheelchair users;

(xiv)   There are an insufficient number of van accessible parking spaces on each level to meet the demand for accessible parking spaces and provide program access for people with disabilities who rely on lift or ramp equipped wheelchair vans, such as Plaintiff;

(xv)    Accessible parking spaces are not located on each level and there is no signage designating the levels where the accessible parking is located;

(xvi)   The paint designating the accessible parking spaces has faded making it difficult to locate the accessible spaces that are provided;

(xvii)  Many of the accessible parking spaces have signage that is too low and cannot be seen over a parked vehicle which makes it more difficult to locate those accessible parking spaces that are provided;

**Methodist Rehabilitation Center Parking Area (Lot 17)**

(xviii) There are an insufficient number of accessible parking spaces to meet the demand for accessible parking spaces and provide program access for people with disabilities, particularly wheelchair users;

(xix) There are an insufficient number of van accessible parking spaces to meet the demand for accessible parking spaces and provide program access for people with disabilities who rely on lift or ramp equipped wheelchair vans, such as Plaintiff;

(xx) The accessible parking spaces have signage that is too low and cannot be seen over a parked vehicle which makes it more difficult to locate those accessible parking spaces that are provided;

### University Medical Pavilion Parking Area (Lot 14)

(xxi) There are an insufficient number of accessible parking spaces to meet the demand for accessible parking spaces and provide program access for people with disabilities, particularly wheelchair users;

(xxii) There are an insufficient number of van accessible parking spaces to meet the demand for accessible parking spaces and provide program access for people with disabilities who rely on lift or ramp equipped wheelchair vans, such as Plaintiff;

(xxiii) Many parking spaces designated as "accessible" lack adjacent access aisles such that the parking spaces are not usable by wheelchair users who can be blocked from exiting or entering a vehicle parked in such a space by a vehicle parked in an adjacent parking space;

(xxiv) The accessible parking spaces have signage that is too low and cannot be seen over a parked vehicle which makes it more difficult to locate those accessible parking spaces that are provided;

(xxv) There is no accessible route from the accessible parking spaces to the main entry;

(xxvi) The paint designating the accessible parking spaces has faded making it difficult to locate the accessible spaces that are provided;

(xxvii) The public restrooms in the medical pavilion have grab bars in the accessible toilet compartments that are too small.

26. There are other current violations of the ADA at the subject facilities which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

27. The Plaintiff has been obligated to retain the undersigned counsel for the filing

and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

28. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject programs, services and facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject programs, services and facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

    A. That the Court declare that the programs, services and facilities owned, operated and administered by Defendant, are violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its programs, services and facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E. That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF THE REHABILITATION ACT

29. Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 28 of this Complaint.

30. As more fully described above, Plaintiff is an individual with a disability.

31. Furthermore, the Plaintiff is a resident of the State of Mississippi who does now

9

and would like to continue to frequent the Hospital that is currently inaccessible as described above and herein, and is otherwise qualified to use and enjoy the programs, services and benefits provided at the Hospital.

32. Defendant's acts and omissions that result in unequal access to the programs, services, and activities provided by Defendant as alleged herein are in violation of 29 U.S.C. Section 794 *et seq.*, and the regulations promulgated thereunder, 34 C.F.R. pt. 104 *et seq.* Defendant is the direct recipient of federal funds sufficient to invoke the coverage of Section 504, and is unlawfully discriminating against Plaintiff on the sole basis of Plaintiff's disability. Upon information and belief, the programs, services and activities at issue in this cause have benefited from federal financial assistance.

33. Solely by reason of her disability, Plaintiff has been, and continues to be, excluded from participation in, denied the benefit of, and subjected to discrimination in her attempts to receive full, safe and equal access to the services offered by Defendant.

34. Defendant is in violation of Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. §§701 *et seq.* and is intentionally discriminating against the Plaintiff due to the violations listed in Paragraph 20, above.

35. Upon information and belief, there are other current violations of the Rehabilitation Act at the facilities operated by Defendant, and only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

    A. That the Court declare that the subject property, owned and administered by Defendant, are violative of the Rehabilitation Act;

B.  That the Court enter an Order directing Defendant to alter the facilities of the Hospital to make them accessible to and useable by individuals with disabilities to the full extent required by the Rehabilitation Act;

C.  That the Court enter an Order directing Defendant to evaluate and neutralize Defendant's policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.  That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.  That the Court award such other and further relief as it deems necessary, just and proper.

Dated this the ___ day of _____ 2016.

Respectfully submitted,

_____
Edward I. Zwilling, Esq.
Ala. Bar No. ASB-564-L54E
Schwartz Roller & Zwilling, LLP
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email: ezwilling@szalaw.com

_____
Stephen A. Brandon, Attorney at Law
2648 Ridgewood Road, Suite A
Jackson, Mississippi 39216
Telephone: (601) 714-2771
Facsimile: (601) 982-0371
Email: steve@stevebrandonlaw.com